IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES F. PETTIT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00274-O-BP |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION | § | |
| as Trustee for STRUCTURE ASSET | § | |
| SECURITIES CORPORATION | § | |
| MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2006-NC1, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion to Remand Removed Action and Incorporated Brief in Support (ECF No. 7), filed on May 1, 2017; and Defendant's Response in Opposition to Motion to Remand (ECF No. 9), filed on May 22, 2017. After considering the pleadings and applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DENY Plaintiff's Motion to Remand (ECF No. 7).

## I.     BACKGROUND

Plaintiff James Pettit ("Pettit") filed his Original Complaint on December 5, 2016 against Defendant U.S. Bank National Association ("U.S. Bank"). ECF No. 1-5. Plaintiff's suit seeks a declaratory judgment to preclude the foreclosure sale of the real property located at 8237 April Lane, Fort Worth, Texas 76148. *Id.* On March 31, 2017, U.S. Bank removed the state court action to this Court pursuant to 28 U.S.C. § 1332. ECF No. 1. Pettit filed his Motion to Remand on May 1, 2017 and U.S. Bank filed its Response. ECF Nos. 7, 9.

## II.     LEGAL STANDARD AND ANALYSIS

A defendant may remove an action from state court to a federal district court if the latter has original jurisdiction. 28 U.S.C. § 1441(a). "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question' jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (citing 28 U.S.C. §§ 1331, 1332, 1369). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. Parties may object to removal due to the district court's lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). A removing defendant has the burden of establishing that removal was proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009).

A natural person is a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "Domicile requires residence in [a] state and an intent to remain in the state." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in the articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

When a plaintiff's complaint fails to specify an amount in controversy, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A court

has two methods to determine whether the amount in controversy exceeds the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). First, removal is proper if it is facially apparent from the complaint that the claims are likely to exceed $75,000. *Id.* Second, if the amount in controversy is not facially apparent from the complaint, the removing party may support federal jurisdiction by proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* During this jurisdictional analysis, the court may consider "summary-judgment-type evidence." *Id.* at 1336. The court may also consider pleadings or affidavits submitted by the plaintiff for the purpose of clarifying the amount in controversy. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). "Any ambiguities or doubts should be construed in favor of remand." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Removal may not be based on conclusory allegations alone. *Id.* (citation omitted).

In the present case, U.S. Bank has sufficiently supported removal. This case was removed on diversity of citizenship grounds. ECF No. 1. Though Pettit seeks remand on the ground that there is no federal question at issue, Pettit does not address U.S. Bank's claims that diversity of citizenship exists. ECF No. 7. Pettit is a citizen of Texas, while U.S. Bank is a citizen of Ohio, the location of its principal office. ECF No. 9; *see Wachovia Bank N.A.*, 546 U.S. at 318. Pettit does not contest that the amount in controversy is above the $75,000 threshold. ECF No. 7. Additionally, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The current fair market value of the property at issue is $119,463.00. ECF No. 1 at 6. Because the parties are diverse and the amount in controversy exceeds $75,000, U.S. Bank has met its burden of establishing diversity of citizenship jurisdiction.

Therefore, although there is no federal question at issue, the parties' diversity of citizenship is sufficient grounds to support the removal of this case and establish this Court's subject-matter jurisdiction. *See* 28 U.S.C. § 1332.

## III.  CONCLUSION

Because removal of this case from state court was proper, the undersigned RECOMMENDS that Judge O'Connor DENY Plaintiff's Motion to Remand Removed Action and Incorporated Brief in Support (ECF No. 7).

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 26, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4