IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES F. PETTIT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00274-O-BP |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION | § | |
| as Trustee for STRUCTURED ASSET | § | |
| SECURITIES CORPORATION | § | |
| MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2006-NC1, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 18), with Brief (ECF No. 19) and Appendix (ECF No. 20) in support, filed April 12, 2018; Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 25) with Brief in support (ECF No. 26), filed May 7, 2018; and Reply in Support of Motion for Summary Judgment (ECF No. 27), filed May 18, 2018. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on April 6, 2017. ECF No. 5.

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendant's Motion for Summary Judgment (ECF No. 18).

**BACKGROUND**

**I.     Factual Background**

Plaintiff James F. Pettit ("Pettit") seeks to quiet title against Defendant U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-NC1 ("U.S. Bank"), claiming that the statute of limitations bars

foreclosure on a lien on real property located at 8237 April Lane, Fort Worth, Texas 76148 (the "Property").

On February 2, 2006, Pettit executed a home equity note and a security instrument ("the Loan") with New Century Mortgage Corporation ("New Century"). ECF No. 19 at 3; No. 20-1 at 6–31. On July 20, 2011, New Century assigned the security instrument to Defendant. ECF No. 19 at 3; No. 20-1 at 6–33. Wells Fargo Bank, N.A. ("Wells Fargo") is the mortgage servicer of the Loan on behalf of Defendant. ECF No. 19 at 3; No. 20-1 at 4.

Pettit defaulted on his loan obligations, and on May 8, 2011, a loan servicer sent a notice of default to Pettit, informing him that acceleration of his loan would ensue if he did not cure the default by June 7, 2011. ECF No. 19 at 4; No. 20-1 at 5, 37–38. Pettit did not cure the default, and as a result, on June 10, 2011, Wells Fargo sent correspondence to Pettit via certified mail through its counsel Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin"), notifying him that it had accelerated the Loan. ECF No. 19 at 4; No. 20-2 at 3, 7; No. 26 at 2.

On September 5, 2012, U.S. Bank filed a "Tex. Rule Civ. P. 736 Application for Home Equity Foreclosure Order" in the 352nd District Court of Tarrant County, Texas. ECF No. 19 at 4; No. 20-2 at 4, 9–12. On January 17, 2013, that court entered a Default Home Equity Foreclosure Order. ECF No. 19 at 4–5; No. 20-2 at 4, 14–16.

On March 4, 2013, Pettit filed a lawsuit against U.S. Bank in the 141st District Court of Tarrant County, Texas, claiming that U.S. Bank committed property code violations, breach of contract, and Texas Debt Collection Act violations. ECF No. 19 at 5; No. 20-3 at 7. U.S. Bank removed the lawsuit to this Court. ECF No. 19 at 5; Notice of Removal, *Pettit v. U.S. Bank Nat'l Ass'n*, No. 4:13-CV-278-Y (N.D. Tex. Aug. 28, 2014). On December 3, 2014, the Court granted summary judgment for U.S. Bank and entered a Final Judgment dismissing all of Pettit's claims

with prejudice. ECF No. 19 at 5; No. 20-4 at 2; *Pettit*, No. 4:13-CV-278-Y, 2014 WL 11515732, at *1.

On June 9, 2015, U.S. Bank sent a rescission of acceleration to Pettit, notifying him that it was rescinding the June 10, 2011, notice of acceleration. ECF No. 19 at 5; No. 20-2 at 4, 18–19. On May 12, 2016, U.S. Bank filed a second application for a foreclosure order under Texas Rule of Civil Procedure 736 in the 348th District Court of Tarrant County, Texas. ECF No. 19 at 5–6; No. 20-2 at 4, 21–24. On October 13, 2016, that court entered a Home Equity Foreclosure Order. ECF No. 19 at 6; No. 20-2 at 4, 26–27; No. 26 at 2.

## II.    Procedural Background

Pettit filed the instant lawsuit on December 5, 2016, in the 17th District Court of Tarrant County, Texas. ECF No. 1-5. He alleges that the statute of limitations bars enforcement of the lien, as more than four years passed between the notice of acceleration in 2011 and the second application for a foreclosure order in 2016. *Id.* at 4. Pettit seeks to quiet title to the Property, as well as declaratory relief that enforcement of the lien is barred and an injunction to prohibit foreclosure on the Property. *Id.* at 5.

U.S. Bank removed the instant action to this Court on March 31, 2017. ECF No. 1. On April 12, 2018, U.S. Bank filed a Motion for Summary Judgment. ECF No. 18. U.S. Bank submitted as evidence the sworn declaration of Richard L. Penno, Vice President, Loan Documentation, for Wells Fargo; a copy of the note, security instrument, assignment, and notice of default; the sworn declaration of Robert Forster, II, ("Forster") a partner at Barrett Daffin; a copy of the notice of acceleration, the expedited foreclosure application in 2012 and ensuing default foreclosure order, the notice of rescission of acceleration, the expedited foreclosure application in 2016 and ensuing foreclosure order; and a copy of the original petition and final

judgment in the 2013 lawsuit in this Court. ECF No. 20. Pettit filed a Response on May 7, 2018, but submitted no summary judgment evidence. ECF No. 25. U.S. Bank filed a Reply on May 18, 2018. ECF No. 27.

## LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76

F.3d 651, 655 (5th Cir. 1996). The citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rules of the Northern District of Texas 56.5(c).

## ANALYSIS

U.S. Bank argues that it is entitled to summary judgment because Pettit cannot quiet title to the Property based on his erroneous argument that the statute of limitations bar foreclosure. U.S. Bank argues, first, that the statute of limitations was tolled for more than a year and a half during the previous 2013 lawsuit. Second, U.S. Bank argues that it abandoned acceleration by sending its notice of rescission of the prior acceleration within the limitations period.

**I.    Pettit cannot quiet title to the property because he has not shown that the statute of limitations bars U.S. Bank's ability to foreclose on the Property.**

"A suit to quiet title, also known as a suit to remove cloud from title, 'relies on the invalidity of the defendant's claim to property.'" *Aguilar v. Wells Fargo Bank, N.A.*, No. 3:16-CV-211-K-BN, 2017 WL 1450622, at *5 (N.D. Tex. Mar. 31, 2017), *report and recommendation adopted*, No. 3:16-CV-211-K, 2017 WL 1436962 (N.D. Tex. Apr. 24, 2017) (citing *Gordon v. West Houston Trees*, Ltd., 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). Because the Court has diversity jurisdiction over this action, the Court must apply the substantive law of Texas, the forum state. *Warren v. Bank of Am., N.A.*, 566 Fed. App'x 379, 382 (5th Cir. 2014). "Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Id.*

The parties do not dispute the first two elements of Pettit's quiet title claim. Concerning the third element, Pettit alleged in his complaint that the statute of limitations bars U.S. Bank from

enforcing the lien, and thus its encumbrance on the Property is invalid. ECF No. 1-5 at 4. As the ensuing recommendation will show, Pettit's arguments that the statute of limitations bars foreclosure are in error, and therefore his quiet title claim fails.

In addition, because Pettit's requests for declaratory and injunctive relief are not independent claims, but only requests for types of relief, they fail with his quiet title claim. *See Thomas v. EMC Mortg. Corp.*, 499 Fed. App'x 337, 343 (5th Cir. 2012) ("Because the district court properly granted summary judgment on all underlying substantive claims, the [plaintiffs'] requests for declaratory and injunctive relief necessarily fail."); *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) ("The courts have long held that only parties with legal interests threatened in an actual controversy have standing to sue under the Declaratory Judgment Act."); *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citing *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").

    **A.**    **The statute of limitations does not bar U.S. Bank from foreclosing on the property, because the statute of limitations was tolled during the previous lawsuit in this Court.**

"A foreclosure based on a deed of trust power of sale must be brought no later than four years after the day the cause of action accrues." *Misczak v. Deutsche Bank Nat'l Tr. Co.*, No. 4:15-CV-381-O, 2016 WL 3647658, at *2 (N.D. Tex. Feb. 12, 2016) (O'Connor, J.) (citing Tex. Civ. Prac. & Rem. Code Ann.§ 16.035(b)). "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code Ann.§ 16.035(d). "The borrower's default does not automatically trigger the limitations period where acceleration is optional at the election of the note holder." *Wheeler v. U.S.*

*Bank Nat'l Ass'n*, CV H-14-0874, 2016 WL 554846, at *4 (S.D. Tex. Feb. 10, 2016) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). "The foreclosure cause of action accrues only when the holder actually exercises its acceleration option." *Id.* The statute of limitations is tolled by a lawsuit that prevents foreclosure under Texas Rule of Civil Procedure 736. *E.g.* Tex. R. Civ. P. 736.11(a); *Reddick v. Deutsche Bank Nat'l Tr. Co. for HSI Asset Securitization Corp. 2006-OPT2, Mortgage Pass-Through Certificates, Series 2006-OPT2*, No. 3:16-CV-1997-D, 2017 WL 6343542, at *4 (N.D. Tex. Dec. 12, 2017); *Murphy v. Hsbc Bank USA*, CV H-12-3278, 2017 WL 393595, at *20 (S.D. Tex. Jan. 30, 2017).

U.S. Bank originally accelerated the loan on June 10, 2011, meaning that it had until June 10, 2015, to foreclose. ECF No. 19 at 4; No. 20-2 at 3, 7; No. 26 at 2, 5. U.S. Bank filed its second application for foreclosure on May 12, 2016, which is 337 days past the deadline, absent any tolling. ECF No. 19 at 5–6; No. 20-2 at 4, 21–24. However, Pettit's first lawsuit lasted from March 4, 2013, until December 3, 2014, a total of 639 days. ECF No. 19 at 5; No. 20-3 at 7; No. 20-4 at 2; *Pettit*, No. 4:13-CV-278-Y, 2014 WL 11515732, at *1. Thus U.S. Bank had an additional 639 days to file its lawsuit, that is, until March 10, 2017. Because U.S. Bank filed its second application for foreclosure on May 12, 2016, well before that date, its application for foreclosure was not untimely.

Pettit does not dispute the relevant facts. ECF No. 26 at 4–7. Instead, he argues that, under *Landers v. Nationstar Mortgage, LLC*, his lawsuit did not toll the statute of limitations. 461 S.W.3d 923 (Tex. App.—Tyler 2015, pet. denied). In *Landers*, the court held that the statute of limitations to obtain a judicial foreclosure order was not tolled by a temporary restraining order and a temporary injunction in a separate lawsuit. *Id.* at 926–27. *Landers* is inapplicable to this case both because it concerned a judicial foreclosure rather than a nonjudicial foreclosure under Rule 736,

and because the restraining order and injunction in *Landers* did not preclude the defendant from obtaining the judicial foreclosure at issue there. *See Reddick v. Deutsche Bank Nat'l Tr. Co. for HSI Asset Securitization Corp. 2006-OPT2, Mortgage Pass-Through Certificates, Series 2006-OPT2*, No. 3:16-CV-1997-D, 2017 WL 6343542, at *3 n.8 (N.D. Tex. Dec. 12, 2017) (Fitzwater, J.). Pettit's lawsuit automatically stayed U.S. Bank's Rule 736 foreclosure suit. Tex. R. Civ. P. 736.11. Therefore the statute of limitations was tolled during the automatic stay precluding U.S. Bank's ability to go forward with its foreclosure proceeding.

Pettit also argues that the "Note may prove to have been accelerated by self-operative language in the May 8, 2011 notice, or even earlier, and no such acceleration could have been rescinded by the claimed notice of June 10, 2015, and thus the lien securing the home equity note at issue is void and the obligation represented by the Note unenforceable." ECF No. 26 at 7. He states that "Grady raised [this condition] in her Original Petition in this suit and supported it with the evidence cited in her Response to the Motion for Summary Judgment." *Id.* The name "Grady" appears to be a typographical error. Regardless, Pettit is not clear as to what the self-operative language in the May 8, 2011, notice is that would void the lien, nor did he attach any evidence to his Response to which this argument could refer. *See* Local Civil Rules of the Northern District of Texas 56.5(c) (Citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix."). Pettit's arguments concerning tolling therefore fail, and U.S. Bank is not barred from foreclosing on the Property because Pettit's prior lawsuit tolled the statute of limitations.

> **B.    The statute of limitations does not bar U.S. Bank from foreclosing on the property, because U.S. Bank rescinded its notice of acceleration before the four-year limitations period had run.**

If acceleration of a loan is abandoned, the running of the limitations period is also

abandoned and the note holder is not required to foreclose within four years from the date of the acceleration. *Misczak v. Deutsche Bank Nat'l Tr. Co.*, No. 4:15-CV-381-O, 2016 WL 3647658, at *2 (N.D. Tex. Feb. 12, 2016) (citing *Stewart v. U.S. Bank Nat. Ass'n*, 107 F. Supp. 3d 705, 708 (S.D. Tex. 2015)). "Parties may abandon the acceleration by agreement or by actions." *Id.* (citing *Clawson v. GMAC Mortg., LLC*, No. 3:12-cv-0212, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013). A note holder is entitled to unilaterally abandon acceleration. *Id.* (citing *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 Fed. App'x 677, 680 (5th Cir. 2015); *Rivera v. Bank of Am., N.A.*, 607 Fed. App'x 358, 361 (5th Cir. 2015)).

By statute, the lienholder, servicer of the debt, or an attorney representing the lienholder can rescind or waive acceleration by written notice, made by first class or certified mail, complete when the notice is deposited in the U.S. mail. Tex. Civ. Prac. & Rem. § 16.038(b)–(c); *see also, e.g., Nunnery v. Ocwen Loan Servicing, L.L.C.*, 641 Fed. App'x 430, 433 (5th Cir. 2016) (citing *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015)) ("A lender unilaterally abandons acceleration of a note 'by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms.'"). If "the accelerated maturity date is rescinded or waived in accordance with this section before the limitations period expires, the acceleration is deemed rescinded and waived and the note, obligation, or series of notes or obligations shall be governed by Section 16.035 as if no acceleration had occurred." Tex. Civ. Prac. & Rem. § 16.038(a).

U.S. Bank has provided competent summary judgment proof that on June 9, 2015, it rescinded its June 10, 2011, acceleration of Pettit's note, within the four-year statute of limitations. Forster, a partner at the law firm retained by the servicer of the loan, testified in a sworn affidavit

that the firm sent the notice of rescission by certified mail, and swore to the accuracy of attached business records that include the letter notifying Pettit of rescission. ECF No. 20-2 at 4–5, 18–19. U.S. Bank can unilaterally rescind acceleration in this manner, making it as if no acceleration had occurred, and allowing the bank to accelerate the note and foreclose on the Property at a later date without being barred by the statute of limitations. *See* Tex. Civ. Prac. & Rem. § 16.038.

Pettit argues that there is no proof that the notice of rescission was placed in the mail. ECF No. 26 at 7–8. He argues that Forster's affidavit is insufficient evidence because Forster does not claim "direct personal knowledge of examination or actual handling of the records referenced therein, and what knowledge Forster has may well be from examination of electronic images and not actual documents." *Id.* at 3. Pettit further argues that the certified mail receipt with this letter's tracking number does not exist on the United States Postal Service's website. *Id.* He states that U.S. Bank must establish the letter's "actual existence in physical form and the placement of the item in the postal service's custody" on the relevant date, in order for the letter to be admissible. *Id.* at 4. Pettit cites no law requiring that evidence have any of these characteristics in order to be admissible.

> Business records are admissible under Federal Rule of Evidence 803(6) if
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness . . . .

"There is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy." *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008). "A qualified witness is one who can explain the record keeping system of the organization

and vouch that the requirements of Rule 803(6) are met." *Id.*

Forster is a proper witness who can attest to the business records in evidence under Federal Rule of Evidence 803(6). He testified that he is a partner at Barrett Daffin, which served as foreclosure counsel for the servicer of the loan. ECF No. 20-2 at 2. Forster states that his duties include supervision of foreclosure sales and mailing of notices of default, intent to accelerate, acceleration, and notices of trustee sales. *Id.* at 3. He testified that he is familiar with the standard business practices and record-keeping systems that Barrett Daffin uses to send out all types of foreclosure-related notices and with how the firm initiates foreclosure proceedings. *Id.* Forster further stated that he has personal knowledge regarding the facts set forth in his declaration and regarding the default servicing activities related to Pettit's foreclosure, based on Forster's employment with Barrett Daffin, review of the firm's business records, and familiarity with the firm's business, record-keeping, and default-servicing practices. *Id.* As someone "who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met," Forster is a qualified witness under the business records exception, and he established that the evidence attached to his declaration is admissible. *Brown*, 553 F.3d at 792. The notice of rescission is admissible to show that U.S. Bank rescinded its 2011 acceleration of Pettit's note, and thus its 2016 acceleration was not barred by the statute of limitations.

## CONCLUSION

U.S. Bank is entitled to summary judgment on Pettit's quiet title claim, as it has shown that its application for foreclosure is not barred by the statute of limitations, both because the statute of limitations was tolled by the previous lawsuit, and because it abandoned acceleration by sending a notice of rescission of the prior acceleration within the limitations period. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT**

Defendant's Motion for Summary Judgment (ECF No. 18).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 28, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE