# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES F. PETTIT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00274-O |
| | § | |
| U.S. BANK NATIONAL | § | |
| ASSOCIATION, as Trustee for | § | |
| STRUCTURED ASSET SECURITIES | § | |
| CORPORATION MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, SERIES | § | |
| 2006-NC1, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The United State Magistrate Judge made findings, conclusions, and a recommendation (the "FCR") in this case. June 28, 2018 FCR, ECF No. 28. The FCR recommended that this Court **GRANT** Defendant's Motion for Summary Judgment, (ECF No. 18), filed April 12, 2018. Plaintiff filed objections to the FCR, (ECF No. 29), on July 12, 2018. Defendant responded to those objections, (ECF No. 30), on July 20, 2018.

The Court conducts a de novo review of the portions of the FCR to which a party objects. Anything that Plaintiff did not specifically object to is subject to review for plain error. For the following reasons, Plaintiff's objections are **OVERRULED**, the Court **ADOPTS** the FCR, (ECF No. 28), and Defendant's Motion for Summary Judgment, (ECF No. 18), is hereby **GRANTED.**

## I.     FACTUAL BACKGROUND

Unless otherwise noted, the following facts are undisputed. Plaintiff James F. Pettit ("Pettit") seeks to quiet title against Defendant U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-NC1

1

("U.S. Bank"), claiming that the statute of limitations bars foreclosure on a lien on real property located at 8237 April Lane, Fort Worth, Texas 76148 (the "Property").

On February 2, 2006, Pettit executed a home equity note and a security instrument ("the Loan") with New Century Mortgage Corporation ("New Century"). Br. Supp. Def.'s Mot. Summ. J. 3, ECF No. 19. On July 20, 2011, New Century assigned the security instrument to U.S. Bank. *Id*. Wells Fargo Bank, N.A. ("Wells Fargo") is the mortgage servicer of the Loan on behalf of U.S. Bank. *Id*.

Pettit defaulted on his loan obligations, and on May 8, 2011, a loan servicer sent a notice of default to Pettit, informing him that acceleration of his loan would ensue if he did not cure the default by June 7, 2011. Br. Supp. Def.'s Mot. Summ. J. 4, ECF No. 19. Pettit did not cure the default, and on June 10, 2011, Wells Fargo sent correspondence to Pettit via certified mail through its counsel Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin"), notifying him that it had accelerated the Loan. *Id*.

On September 5, 2012, U.S. Bank filed a "Tex. Rule Civ. P. 736 Application for Home Equity Foreclosure Order" in the 352nd District Court of Tarrant County, Texas. *Id*. On January 17, 2013, that court entered a Default Home Equity Foreclosure Order. *Id*. at 4–5.

On March 4, 2013, Pettit sued U.S. Bank in the 141st District Court of Tarrant County, Texas, claiming that U.S. Bank committed property code violations, breach of contract, and Texas Debt Collection Act violations. Br. Supp. Def.'s Mot. Summ. J. 5, ECF No. 19. U.S. Bank removed the lawsuit to this Court. *Id*. On December 3, 2014, this Court granted summary judgment for U.S. Bank and entered a Final Judgment dismissing all of Pettit's claims with prejudice. *Id*. On June 9, 2015, U.S. Bank sent a rescission of acceleration to Pettit, notifying him that it was rescinding the June 10, 2011, notice of acceleration. *Id*.

On May 12, 2016, U.S. Bank filed a second application for a foreclosure order under Texas Rule of Civil Procedure 736 in the 348th District Court of Tarrant County, Texas. Br. Supp. Def.'s Mot. Summ. J. 5–6, ECF No. 19. On October 13, 2016, that court entered a Home Equity Foreclosure Order. *Id*. at 6.

## II. PROCEDURAL BACKGROUND

Pettit filed the instant lawsuit on December 5, 2016, in the 17th District Court of Tarrant County, Texas. ECF No. 1–5. He alleges that the statute of limitations bars enforcement of the lien, as more than four years passed between the notice of acceleration in 2011 and the second application for a foreclosure order in 2016. *Id.* at 4. Pettit seeks to quiet title to the Property, as well as a declaration that enforcement of the lien is barred and an injunction to prohibit foreclosure on the Property. *Id.* at 5.

U.S. Bank removed the instant action to this Court on March 31, 2017. ECF No. 1. On April 12, 2018, U.S. Bank filed a Motion for Summary Judgment. Def.'s Mot. Summ. J., ECF No. 18. U.S. Bank submitted as evidence the sworn declaration of Richard L. Penno, Vice President, Loan Documentation, for Wells Fargo; a copy of the note, security instrument, assignment, and notice of default; the sworn declaration of Robert Forster, II, ("Forster") a partner at Barrett Daffin; a copy of the notice of acceleration, the expedited foreclosure application in 2012 and ensuing default foreclosure order, the notice of rescission of acceleration, the expedited foreclosure application in 2016 and ensuing foreclosure order; and a copy of the original petition and final judgment in the 2013 lawsuit. App. Supp. Def.s Mot. Summ. J., ECF No. 20. Pettit filed a Response on May 7, 2018, but submitted no summary judgment evidence. Pl.'s Resp., ECF No. 25. U.S. Bank filed a Reply on May 18, 2018. Def.'s Reply, ECF No. 27.

## III. LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must resolve all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. If "reasonable minds could differ as to the import of the evidence" regarding the disputed allegations, the motion for summary judgment must be denied. *Id*. at 250.

According to the plain language of Rule 56(c), summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 322–23. Therefore, "[t]he moving party is 'entitled to judgment as a matter of law' because the

nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323 (comparing the standard for granting summary judgment to the standard for a Rule 50(a) directed verdict). A mere scintilla of evidence to support a non-moving party's position is insufficient to defeat a summary judgment motion; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 252.

## IV.   ANALYSIS OF OBJECTIONS

The Court will conduct a de novo review of the objections to the FCR which asserted that the Magistrate Judge: (1) improperly acknowledged that the January 17, 2013 order authorizing foreclosure was entered by default; (2) improperly applied *Landers v. Nationstar Mortgage, LLC*, 461 S.W.3d 923 (Tex. App.—Tyler 2015); and (3) should have found there was uncertainty as to whether rescission letter was mailed. *See generally* Pl.'s Obj., ECF No. 29.  For the reasons below, Plaintiff's objections are **OVERRULED**.

### A.   The January 17, 2013 Order

The Magistrate Judge explained in the factual background that on January 17, 2013, the 352nd District Court of Tarrant County, Texas, entered a Default Home Equity Foreclosure Order. FCR 2, ECF No. 28.  Plaintiff argues that he "had filed a response to the application for foreclosure on or about November 8, 2012." Pl.'s Obj. ¶ 1, ECF No. 29. It appears that the Plaintiff takes issue with the Magistrate Judge's characterization of the January 17, 2013 order from the Texas state court as a "default" order. But as a factual matter, the Magistrate Judge simply correctly referred to the order by the name the state court gave it. *See* App. Supp. Def.'s Mot. Summ. J., App. 052, Ex. B.3, ECF No. 20-2. And to the extent the Plaintiff suggests the state court committed legal

error by styling the order as a *Default* Home Equity Foreclosure Order, that legal error does not flow from the Magistrate Judge's FCR. Therefore, Plaintiff's objection is **OVERRULED**.

B. **Application of *Landers v. Nationstar***

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's previous lawsuit tolled the limitations period. Pl.'s Obj. ¶ 2, ECF No. 29. Plaintiff argues that "Texas courts have made it clear that even though one form of foreclosure may be barred by injunctive relief," "the other remedy of judicial foreclosure is still available and the limitation period continues to run." *Id*. Plaintiff argues that the limitations had run and that the Magistrate Judge did "not take into account the entire time, the alternative remedy of judicial foreclosure [that] was available under the *Landers* standard." *Id*. (referencing *Landers v. Nationstar Mortgage, LLC*, 461 S.W.3d 923 (Tex. App.—Tyler 2015).

Defendant responds that Plaintiff's argument is irrelevant given the June 9, 2015 rescission notice. Def.'s Resp. Pl.'s Obj 2, ECF No. 30. Defendant also responds that *Landers* does not preclude the tolling of limitations as to the contractual power-of-sale remedy under the bargained-for terms provided in the deed of trust. *Id*. The Defendant argues that the Trustee is "entitled to utilize tolling to defeat Plaintiff's limitations argument when Plaintiff—through his own actions—caused the automatic-stay provision of Rule 736.11 to temporarily enjoin the trustee's contracted-for ability to pursue its power-of-sale remedy." *Id*.

Under Texas law, when "the security instrument in a home-equity loan contains a power of sale provision, the lender has a choice of remedies." *Deutsche Bank Nat. Tr. Co. v. Ra Surasak Ketmayura*, No. A-14-CV-00931-LY-ML, 2015 WL 3899050, at *2 (W.D. Tex. June 11, 2015) (citation omitted). Under these circumstances, the lender may (1) choose to file a claim for judicial foreclosure, (2) file a claim for judicial foreclosure as a counterclaim in a suit initiated by the

6

borrower, or (3) pursue a nonjudicial foreclosure, or "Expedited Foreclosure Proceeding," based on the power-of-sale in the security instrument. *Id*.

The "sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien" must take place within four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(b). When this four-year period expires, "the real property lien and a power of sale to enforce the real property lien become void." *Id.* at § 16.035(d). The statute of limitations may be tolled, however, by a lawsuit that prevents foreclosure under Texas Rule of Civil Procedure 736. "A proceeding or order under Rule 736 is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale." TEX. R. CIV. P. 736.11(a). If an automatic stay is in effect, any foreclosure sale of the property is void. *See id*. at 736.11(d).

Here, U.S. Bank originally accelerated the loan on June 10, 2011, meaning that it had until June 10, 2015, to foreclose. App. Supp. Def.'s Mot. Summ. J., App. 45, Ex. B.1, ECF No. 20-2. Pettit filed a lawsuit in state court against U.S. Bank on March 4, 2013, which ended December 3, 2014. App. Supp. Def.'s Mot. Summ. J., App. 61-66, Ex. C, ECF No. 20-3. The Court agrees with the Magistrate Judge's finding that Pettit's lawsuit tolled the statute of limitations. FCR 7, ECF No. 28. Because Pettit's March 4, 2013 suit put in issue matters related to the enforcement of the loan agreement sought to be foreclosed, the foreclosure proceedings were automatically stayed. *See* TEX. R. CIV. P. 736.11(a); App. Supp. Def.'s Mot. Summ. J., App. 61-66, Ex. C, ECF No. 20-3. The Court, therefore, finds that the U.S. Bank's second application for foreclosure on May 12, 2016 was timely.

The Court also finds that *Landers* is inapplicable because that case involved a judicial foreclosure as opposed to the nonjudicial foreclosure at issue here. See *Nationstar Mortg., LLC v. Landers*, No. 12-17-00047-CV, 2018 WL 1737013, at *1 (Tex. App. Apr. 11, 2018) (explaining that *Landers*, 461 S.W.3d at 923, "held that any tolling by the temporary restraining order and the temporary injunction order applied to the limitations period for non-judicial foreclosure only, and not to the limitations period for judicial foreclosure"). Therefore, Plaintiff's objection to the Magistrate Judge's finding that Plaintiff's previous lawsuit tolled the limitations period is **OVERRULED**.

### C. Notice of Rescission.

Plaintiff next argues that the Magistrate Judge should have found that there was uncertainty as to whether the rescission letter was actually mailed in the form, manner, or time alleged. Pl.'s Obj. ¶ 3, ECF No. 29. Specifically, Plaintiff states the lack of evidence is "crucial to the limitation claim," and that in the "absence of sufficient proof of certified mailing, there is no possible rescission and the defense fails." *Id.* Defendant contends that proof of mailing is not required, and that they provided competent summary judgment proof through foreclosure counsel's unrebutted testimony that "the rescission notice was sent on June 9, 2015 by certified mail to Plaintiff as additionally reflected by the actual Notice Trustee." Def.'s Resp. Pl.'s Obj. 3, ECF No. 30.

The Magistrate Judge properly concluded that U.S. Bank provided competent summary judgment proof that on June 9, 2014, it rescinded its June 10, 2011, acceleration of Pettit's note. FCR 9, ECF No. 28. As the Magistrate Judge noted, the foreclosure counsel was someone who could "explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) [were] met," and was a qualified witness under the business records exception. FCR 10, ECF 28; *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008). The foreclosure counsel,

therefore, established that the evidence attached to his declaration was admissible. *Id*. Further, Plaintiff cites no law that would require the additional proof of mailing. *See* Pl.'s Obj., ECF No. 29. Therefore, Plaintiff's objection is **OVERRULED.**

## V. CONCLUSION

For the foregoing reasons, Plaintiff's objections, (ECF No. 29), are **OVERRULED**, and the FCR, (ECF No. 28), is **ADOPTED** as the findings and conclusions of the Court. Accordingly, Defendant's Motion for Summary Judgment, (ECF No 18), is **GRANTED**. Plaintiff's claims are **DISMISSED with prejudice**. A final judgment will issue by separate order.

**SO ORDERED** on this **5th day** of **November, 2018**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE